IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROLYN C. RITCHIE,<br><br>      Plaintiff,<br><br>  vs.<br><br>THE STATE OF HAWAI`I,<br>DEPARTMENT OF PUBLIC SAFETY;<br>and NEAL WAGATSUMA, in his<br>official capacity as Warden<br>of the Kauai Community<br>Correctional Center,<br>Department of Public Safety,<br>State of Hawai`i, and in his<br>individual capacity,<br><br>      Defendants.<br>_____ | CIVIL 14-00046 LEK-BMK |

**ORDER DENYING DEFENDANTS' NOTICE OF APPEAL TO
DISTRICT COURT JUDGE FROM MAGISTRATE JUDGE KURREN'S
ORDER, DATED DECEMBER 8, 2015 [DKT. NO. 132] GRANTING
<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

Before the Court is a Notice of Appeal to District Court Judge from Magistrate Judge Kurren's Order, Dated December 8, 2015 [Dkt. No. 132] Granting Plaintiff's Motion for Leave to File Second Amended Complaint ("Appeal") filed by Defendants State of Hawai`i, Department of Public Safety ("DPS") and Neal Wagatsuma, in his individual capacity ("Wagatsuma," collectively "Defendants"), on December 14, 2015. [Dkt. no. 136.]  Plaintiff Carolyn C. Ritchie ("Plaintiff") filed her memorandum in opposition on December 28, 2015, and Defendants filed their reply on January 11, 2016.  [Dkt. nos. 146, 155.]

The Court has considered the Appeal as a non-hearing matter pursuant to Rule 7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Appeal, supporting and opposing memoranda, and the relevant legal authority, Defendants' Appeal is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

The relevant factual and procedural background of this case is familiar to the parties, and the Court will only discuss the issues relevant to the Appeal.  On August 28, 2015, Plaintiff filed a Motion for Leave to File Second Amended Complaint ("Motion").  [Dkt. no. 100.]  At the hearing on the Motion on December 8, 2015, the magistrate judge orally granted the Motion, and he issued a written order ("Order") on December 31, 2015.  [Dkt. nos. 132, 151.]  Plaintiff filed her Second Amended Complaint on January 4, 2016.  [Dkt. no. 152.]  Defendants bring the instant Appeal pursuant to 28 U.S.C. § 636 and Local Rule 74.1.

Defendants argue that the Order is "erroneous and contrary to law" because it causes "undue delay and prejudice to Defendants."  [Mem. in Supp. of Appeal at 2 (footnote omitted).]  Moreover, Defendants state that the additional claims in Plaintiff's Second Amended Complaint are futile.  Defendants

assert that Plaintiff knew that she wanted to amend her complaint since September 2014.  Although the deadline for filing a motion to amend the pleadings was August 28, 2015, [Second Amended Rule 16 Scheduling Order, filed 5/5/15 (dkt. no. 83),] "[w]aiting until the last day of the non-dispositive motion deadline is inconsistent and contrary to the intent and spirit of the Rules of Civil Procedure, and the Ninth Circuit agrees with the sentiment."  [Mem. in Supp. of Appeal at 5-6.]

      Alternatively, Defendants urge this Court to extend discovery, allow them to depose Plaintiff again (pursuant to Fed. R. Civ. P. 30(a)(2)), and grant them additional pages and time for the Motion for Summary Judgment they filed on December 7, 2015.  [Dkt. no. 128.]

      Plaintiff argues that the magistrate judge "properly found Defendants had not demonstrated undue delay by Plaintiff, prejudice to Defendants or that amendment would be futile." [Mem. in Opp. to Appeal at 10.]

### **STANDARD**

      This district court has stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court.  The decision of the magistrate judge on non-dispositive matters is final.  <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991).  However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or

3

>contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057,1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).
>
>The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576-[77] (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).
>
>"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

Himmelfarb v. JP Morgan Chase Bank, Nat'l Ass'n, CV. No. 10-00058 DAE-KSC, 2011 WL 4498975, at *2 (D. Hawai`i Sept. 26, 2011).

### DISCUSSION

**I. The Magistrate Judge's Decision is Neither Clearly Erroneous nor Contrary to Law**

>Fed. R. Civ. P. 15 states, in pertinent part:
>
>(a) **Amendments Before Trial.**
>
>>(1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>>
>>>(A) 21 days after serving it, or
>>>
>>>(B) if the pleading is one to which a

4

> responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> . . . .

The Ninth Circuit has stated that

> Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." See Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. Id. at 758; Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

The magistrate judge's decision was not clearly erroneous. At the hearing on the Motion, the magistrate judge considered Defendants' argument that the additional claims in the Second Amended Complaint are futile and stated, "the problem with that is that on a motion to amend, you know, it's difficult to sort out, you know, the qualified immunity issue that you raised, and some of the other questions with regard to the merit." [Trans. of 12/8/15 Hearing on Motion ("Hrg. Trans."), filed 12/23/15 (dkt. no. 141), at 2.] In addition, the magistrate

5

judge reasoned:

> I mean, the bottom line is, you know, the Ninth Circuit has made it very clear to us that you have to be careful on a motion to amend not to resolve issues that may require a greater record to be developed and that's why the futility side of this – you know, for me, just to give you my assessment of this, I would entertain futility arguments if we're talking about like statutes of limitation, you know, but where you get into, you know, some bit of complexity, and subtlety, and maybe questions about the scope of the record, no.

[Id. at 10.]  Thus, based on the record and the representations of counsel, the magistrate judge concluded that the additional claims are not futile.

While Defendants assert that "it appears as though Judge Kurren instead based his decision on the futility issue alone[,]" [Appeal at 2,] the record proves otherwise.  On the issue of delay, the magistrate judge stated:  "I'm not convinced that you needed to wait this long, but I do know that we have been proceeding with somewhat of a rocky road on discovery.  So I think when considering everything, I'm going to allow the amendment."  [Hrg. Trans. at 2.]  The magistrate judge, therefore, considered the timing of the filing of the Motion as well as the discovery issues cited by Plaintiff, and concluded that, on balance, Plaintiff's Motion did not cause an undue delay.  Finally, on the issue of prejudice, the magistrate judge explained to the parties that he was going to "give you the time that you need to do what you need to do[,]" and that he was

6

"going to have to move the trial date to allow for what I'm certain will be some motions activity with respect to all of this that's going to stretch this out a bit." [Id. at 10-11.] With some adjustments, the magistrate judge found that Defendants would not be prejudiced. This Court is in no position to second guess the magistrate judge's findings on these matters.

Nor is the magistrate judge's decision to grant the Motion contrary to law. This Court has stated that "[a]n amendment is futile if 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" Cooper v. Bank of N.Y. Mellon, Civil No. 11-00241 LEK-RLP, 2011 WL 5506087, at *2 (D. Hawai`i Oct. 25, 2011) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). Further, the Ninth Circuit has explained that "[i]n assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order[,]" but "we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen, 465 F.3d at 953 (citations and internal quotation marks omitted). Plaintiff's counsel stated that, with respect to the claims she sought to add to the complaint: "these are claims that we found were more supported by the deposition testimony of the various DPS representatives

7

that we took throughout the summer." [Hrg. Trans. at 3.] It is clear to this Court that the magistrate judge correctly applied the law as it relates to futility and delay.

Finally, the magistrate judge was correct when he found that the law does not support Defendants' claims of prejudice. Defendants state that

> Plaintiff causes further delay to a trial already continued twice, and prejudice to the Defendants in the form of defending further claims just three months before the trial date, which also means prejudice in the form of further costs to reopen depositions of the Plaintiff and seek further discovery to defend the new claims. Defendants are not interested in spending more money, seeking further discovery, reopening depositions, and delaying trial for a third time all because the Plaintiff waited nine (9) months to a year to file a motion to amend a Complaint the grounds for which amendment existed nine (9) months to a year ago.

[Mem. in Supp. of Appeal at 7.] Insofar as Defendants assert that they are prejudiced because they have only a short time to defend against the new claims, the Court notes that the magistrate judge stated at the hearing that the trial date would be moved. See Hrg. Trans. at 10-11. Further, a Third Amended Rule 16 Scheduling Order ("Third Scheduling Order") has already been filed, which extends the dispositive motions deadline to January 27, 2016,[1] the discovery deadline to April 29, 2016, and

---

[1] The Court notes that, on January 27, 2016, Defendants filed a Motion for Summary Judgment that relates to the Second Amended Complaint. [Dkt. no. 157.]

the trial itself to June 28, 2016. [Filed 12/30/15 (dkt. no. 148).] Insofar as Defendants assert that they are prejudiced by increased litigation costs, they are also incorrect. "Discovery or other litigation costs become prejudicial when the additional costs could easily have been avoided had the proposed amendments been included within the original pleading." Fresno Unified Sch. Dist. v. K. U. *ex rel.* A.D.U., 980 F. Supp. 2d 1160, 1177 (E.D. Cal. 2013) (citing AmerisourceBergen, 465 F.3d at 953). In AmerisourceBergen,

> fifteen months passed between the time AmerisourceBergen first discovered the possibility that the Procrit was tainted and its assertion of this theory in the motion for leave to amend. Even more detrimental to AmerisourceBergen's motion for leave to amend, however, is the fact that AmerisourceBergen had admitted only three months before that the products for which it had not paid Dialysist West, including Procrit, were genuine. At the time AmerisourceBergen filed its reply in May 2003, it had all the information necessary to raise the affirmative defense it now pursues: AmerisourceBergen knew about the counterfeit Procrit on the pharmaceuticals market, acknowledged that it had purchased Procrit from Dialysist West during that period, and had previously filed suit because it believed that it had purchased counterfeit drugs from Dialysist West. Although AmerisourceBergen vigorously protests the denial of its motion for leave to amend, it has never provided a satisfactory explanation of why, twelve months into the litigation, it so drastically changed its litigation story.

AmerisourceBergen, 465 F.3d at 953. Thus, in AmerisourceBergen, "[t]he additional cost was prejudicial since it could have been avoided if the plaintiff had alleged that the product was tainted


in the original complaint." Fresno, 980 F. Supp. 2d at 1177 (citation omitted). Here, given that the proposed amendments resulted from information that Plaintiff learned during discovery – a process for which the delay is at least partially attributable to the Defendants – any increase in litigation costs is not prejudicial. See, e.g., Order Granting in Part and Denying in Part Plaintiff's First Motion to Compel Discovery [Dkt. No. 47], and Second Motion to Compel Discovery [Dkt. no. 70], filed 6/10/15 (dkt. no. 93), at 3-4 (ordering, *inter alia*, Defendants to produce electronically stored information, and setting out a process and timeline for doing so).

The magistrate judge's decision was not clearly erroneous, and, in ruling on the Motion, he correctly applied the law regarding futility, delay, and prejudice to the facts of this case. Defendants' Appeal is therefore DENIED.

## II. **Defendants' Alternative Requests for Relief**

Defendants seek leave to extend discovery and depose Plaintiff, pursuant to Fed. R. Civ. P. 30(a)(2). The Court notes that the magistrate judge has already extended discovery. See Third Scheduling Order at ¶ 12. In addition, it is not appropriate for this Court to grant leave under Rule 30 on an appeal from a magistrate judge's decision. If Defendants desire to take a deposition pursuant to Rule 30(a)(2), they must file the appropriate motion with the magistrate judge. Plaintiff's

request is therefore DENIED.

Defendants also seek "an extension to form, parameters, and deadlines of the motion for summary judgment." [Mem. in Supp. of Appeal at 8.] In an entering order filed on January 5, 2016, the court reserved ruling on Defendants' Motion for Summary Judgment "pending a final resolution on the" Appeal. [Dkt. no. 154] The Court noted that a ruling on the Appeal "will be final after all motions for reconsideration, if any, have been resolved." Defendants' request regarding the Motion for Summary Judgment, [dkt. no. 128,] is therefore DENIED.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Notice of Appeal to District Court Judge From Magistrate Judge Kurren's Order, Dated December 8, 2015 [Dkt. No. 132] Granting Plaintiff's Motion for Leave to File Second Amended Complaint, filed December 14, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 28, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>**CAROLYN C. RITCHIE VS. STATE OF HAWAI`I, ET AL**</u>**; CIVIL 14-00046 LEK; ORDER DENYING DEFENDANTS' NOTICE OF APPEAL TO DISTRICT COURT JUDGE FROM MAGISTRATE JUDGE KURREN'S ORDER, DATED DECEMBER 8, 2015 [DKT. NO. 132]GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**