IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROLYN C. RITCHIE,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF HAWAI`I, DEPARTMENT OF PUBLIC SAFETY; and NEAL WAGATSUMA, in his official capacity as Warden of the Kauai Community Correctional Center, Department of Public Safety, State of Hawai`i, and in his individual capacity,<br><br>Defendants. | ) | CIVIL 14-00046 LEK-KJM |

**ORDER DENYING PLAINTIFF'S ORAL**
**MOTION FOR JUDGMENT AS A MATTER OF LAW**

Before the Court is Plaintiff Carolyn L. Ritchie's ("Plaintiff") Motion for Judgment as a Matter of Law ("Motion"), presented orally on December 7, 2016. [Minutes, filed 12/7/16 (dkt. no. 349) ("12/7/16 Minutes").] The same day, the Court heard oral argument on the Motion from Plaintiff. Plaintiff filed a memorandum in support of her Motion on December 14, 2016, and Defendants State of Hawai`i, Department of Public Safety ("DPS") and Neal Wagatsuma, in his individual capacity ("Wagatsuma" and collectively "Defendants"), filed a memorandum in opposition on December 20, 2016.[1] [Dkt. nos. 384, 396.]

[1] On December 7, 2016, Defendants requested, and the Court (continued...)

After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On January 4, 2016, Plaintiff filed her Second Amended Complaint. [Dkt. no. 152.] Jury selection took place on November 1, 2016, and trial commenced the same day. [Minutes, filed 11/1/16 (dkt. no. 302).] The trial proceeded on the following claims: unlawful retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-1, *et seq.*, against DPS ("Count I"); violation of 42 U.S.C. § 1983 against Wagatsuma (based on violation of the First Amendment to the United Constitution) ("Count II"); unlawful incitement or attempted incitement of retaliation in violation of Haw. Rev. Stat. § 378-2 against Wagatsuma ("Count III"); intentional infliction of emotional distress ("IIED") against Wagatsuma ("Count V"); and defamation against Wagatsuma ("Count VI").[2] On November 30, 2016, Plaintiff voluntarily

---

[1](...continued) granted, permission to use its own motions for judgment as a matter of law as opposition memoranda to Plaintiff's Motion. [12/7/16 Motion at 2.] However, Defendants filed a separate opposition memorandum. Defendants' motions for judgment as a matter of law were withdrawn on December 20, 2016. [Minutes, filed 12/20/16 (dkt. no. 397).]

[2] The Second Amended Complaint also brings a claim for wrongful termination and/or constructive discharge against (continued...)

withdrew Count VI with prejudice. [Minutes, filed 11/30/16 (dkt. no. 337).]

Plaintiff rested her case on November 30, 2016, [Minutes, filed 11/30/16 (dkt. no. 336),] and Defendants rested their case on December 7, 2016 [Minutes, filed 12/7/16 (dkt. no. 349)]. Closing arguments took place on December 12, 2016, and the jury began deliberations the same day. [Minutes, filed 12/12/16 (dkt. no. 360.] On December 20, 2016, after sixteen days of trial, the jury reached a verdict. [Minutes, filed 12/20/16 (dkt. no. 397).] The jury found in favor of Defendants on all counts. See Special Verdict Form as to Defendant State of Hawai`i, Department of Public Safety, filed 12/20/16 (dkt. no. 399); Special Verdict Form as to Defendant Wagatsuma, filed 12/20/16 (dkt. no. 400). Plaintiff ask this Court to enter judgment as a matter of law in her favor on all counts.

## STANDARD

Fed. R. Civ. P. 50 provides, in relevant part:

> (a) **Judgment as a Matter of law.**
>
> (1) ***In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable

[2](...continued) Wagatsuma ("Count IV"). Plaintiff represented that this is not a stand-alone claim, but is connected to the unlawful retaliation claim against Wagatsuma. See, e.g., Mem. in Supp. of Motion at 18-19 (explaining, in relation to Count II, that Plaintiff "experienced job limitations and a hostile work environment that forced her out of the workplace in 2012.").

jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) ***Motion.*** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

(b) **Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment – or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged – the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under [Fed. R. Civ. P.] 59. In ruling on the renewed motion, the court may:

(1) allow judgment on the verdict, if the jury returned a verdict;

(2) order a new trial; or

(3) direct the entry of judgment as a matter of law.

This Court has stated:

> The standard for judgment as a matter of law mirrors that for granting summary judgment. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50 (2000). "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weight the evidence." Id. at 149. Rather, the court "must view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006). Where there is sufficient conflicting evidence, or if reasonable minds could differ over the verdict, judgment as a matter of law is improper. Pierson v. Ford Motor Co., No. C 06-6503 PJH, 2009 WL 3458702, at *1 (N.D. Cal. Oct. 23, 2009); see generally Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir. 1990).

Sunrise Helicopters, Inc. v. Alexair, Inc., Civil No. 10-00346 LEK-BMK, 2012 WL 1946960, at *4 (D. Hawai`i May 29, 2012) (alterations in Sunrise Helicopters).

## DISCUSSION

### I. Count I – Violation of Title VII

A claim for Title VII retaliation requires a plaintiff to show: "(1) [s]he engaged in a protected activity; (2) [s]he suffered an adverse employment action; and (3) there was a causal connection between the two." Jinadasa v. Brigham Young Univ. - Haw., Civil No. 14-00441 SOM/BMK, 2015 WL 3407832, at *6 (D. Hawai`i May 27, 2015) (citing Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008)). This district court has stated that "[a]n 'adverse employment action' is an action that

is ‘materially adverse’ to a reasonable employee or job applicant.” Lee v. Hawai`i, Civ. No. 09-00032 SOM/KSC, 2010 WL 235009, at *5 (D. Hawai`i Jan. 20, 2010) (quoting Burlington N. & Santa Fe. Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)).

Plaintiff argues that the evidence proves her Title VII claims as a matter of law. [Mem. in Supp. of Motion at 16.] Even assuming that Plaintiff can prove that “the evidence ‘permits only one reasonable conclusion’” with regard to engaging in a protected activity, see Percelle v. Pearson, Case No. 12-cv-05343-THE, 2016 WL 7385965, at *1 (N.D. Cal. Dec. 21, 2016) (quoting Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002)), Plaintiff cannot show that the same is true with regard to a causal connection between that and any adverse employment action. Plaintiff asserts that the evidence at trial showed adverse employment actions in the form of, *inter alia*: being placed on leave without pay from Kaua`i Community Correction Center (“KCCC”) for one month while under investigation in August 2010; [Tr. Exh. P-111;] remaining under investigation and on leave with pay from September 2010 to February 2012; [Tr. Exh. P-120;] being suspended for fifteen days as a result of the investigation; [Tr. Exh. D-614;] beginning to search for a replacement while she was on leave; hostility from staff at KCCC upon her return; and a second investigation that resulted in a recommendation of

criminal charges [Tr. Exhs. P-327, P-357].

DPS, however, has produced sufficient evidence from which a jury could infer that the investigations, suspension, and general treatment of Plaintiff were due to her repeated violations of the rules, and that the search and eventual hire of a full-time social worker were the result of the facility's needs.[3] This evidence includes, but is not limited to, improper communication with inmates – including passing notes between inmates, giving inmates candy, and engaging in an ongoing correspondence with a KCCC inmate using someone else's name – and not altering her behavior when counseled by members of KCCC staff. Moreover, Lieutenant Thomas Lindsey ("T. Lindsey") testified that the length of the first investigation was, in part, due to the many other responsibilities that he had at KCCC, and Wesley Mun, DPS Corrections Health Care Administrator, and Michael Hoffman, former director of the institutions division at DPS, testified that, while Plaintiff's investigation was long, other investigations have been longer. See Minutes, filed 11/18/16 (dkt. no. 319) (T. Lindsey examination); Minutes, filed 12/1/16 (Hoffman examination); Minutes, filed 12/2/16 (dkt. no. 345) (Mun examination). The Court FINDS that there is conflicting evidence and CONCLUDES that Plaintiff is not entitled to judgment as a matter of law on Count I.

[3] Plaintiff was a part-time DPS employee.

## II. Count II – § 1983 Retaliation

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of a right secured by the constitution and laws of the United States; and (2) that the deprivation was committed by a person acting under color of law." Ragasa v. Cty. of Kaua`i, CIVIL NO. 14-00309 DKW-BMK, 2016 WL 543118, at *11 (D. Hawai`i Feb. 8, 2016) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Here, it is uncontested that Wagatsuma was acting under the color of law when he engaged in the allegedly retaliatory actions against Plaintiff. Further, this district court has stated, "[r]etaliation in the employment context is actionable under section 1983 when it is in response to a plaintiff's First Amendment activity." Id. (citing Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003)). The Ninth Circuit has developed a five-part test for evaluating a First Amendement retaliation claim:

> First, we consider whether the plaintiff has engaged in protected speech activities, which requires the plaintiff to show that the plaintiff: (1) spoke on a matter of public concern; and (2) spoke as a private citizen and not within the scope of her official duties as a public employee. If the plaintiff makes these two showings, we ask whether the plaintiff has further shown that she (3) suffered an adverse employment action, for which the plaintiff's protected speech was a substantial or motivating factor. If the plaintiff meets her burden on these first three steps, thereby stating a prima facie claim of First Amendment retaliation, then the burden shifts to the government to escape liability by establishing either that: (4) the state's

> legitimate administrative interests outweigh the employee’s First Amendment rights; or (5) the state would have taken the adverse employment action even absent the protected speech. See Robinson v. York, 566 F.3d 817, 822 (9th Cir. 2009), Eng [v. Cooley], 552 F.3d [1062,] 1070 [(9th Cir. 2009)]; see also Lakeside-Scott v. Multnomah Cnty., 556 F.3d 797, 803 (9th Cir. 2009).

Karl v. City of Mountlake Terrace, 678 F.3d 1062, 1068 (9th Cir. 2012) (some alterations in Karl).

Plaintiff argues that she made reports of alleged discrimination and other activities taking place at KCCC, she was retaliated against, and “Wagatsuma was at the heart of the actions.” [Mem. in Supp. of Motion at 19.] Plaintiff made reports about Wagatsuma and his Life Time Stand program (“LTS”) to the Hawai`i Disability Rights Commission (“HDRC”) and the United States Equal Employment Opportunity Commission (“EEOC Complaint”). See, e.g., Tr. Exhs. P-137 (email from Plaintiff to HDRC about her reports on the LTS program, dated 5/3/11); D-637 (EEOC Complaint). Plaintiff alleges that, as a result, Wagatsuma orchestrated the aforementioned adverse employment actions. See Mem. in Supp. of Motion at 18. Moreover, Plaintiff argues that “DPS had no legitimate interest in protecting Wagatsuma by forcing Plaintiff out of her job for 17 months and then making her job conditions so intolerable that she had no choice but to resign.” [Id. at 20.] Even assuming that Plaintiff could satisfy the other elements of Count II, Plaintiff cites the same

adverse employment actions that she cited to support Count I. They are equally unavailing here. The Court FINDS that there is conflicting evidence regarding the reasons for the investigations and Wagatsuma's role in the investigations, and CONCLUDES that Plaintiff is not entitled to judgment as a matter of law on Count II.

**III. <u>Count III – Violation of Haw. Rev. Stat. § 378-2</u>**

Haw. Rev. Stat. § 378-2(a)(3) states: "It shall be an unlawful discriminatory practice[] [f]or any person, whether an employer, employee, or not, to aid, abet, incite, compel, or coerce the doing of any of the discriminatory practices forbidden by this part, or to attempt to do so[.]" Plaintiff alleges that Wagatsuma incited the first investigation, "restrictions in Plaintiff's ability to do her job," a hostile work environment, and the second investigation. <u>See</u> Mem. in Supp. of Motion at 23-24. Again, these are the same alleged actions for which the Court has found competing evidence. Reading the evidence in the light most favorable to Wagatsuma, the Court cannot say that a reasonable jury could not find that the actions taken by Wagatsuma and others at KCCC were based upon Plaintiff's failure to follow the rules. The Court therefore CONCLUDES that Plaintiff is not entitled to judgment as a matter of law on Count III.

## IV. **Count V - IIED**

"The elements of [IIED] pursuant to Hawaii law, are: (1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." Barber v. Ohana Military Cmtys., LLC, Civil No. 14-00217 HG-KSC, 2014 WL 3529766, at *10 (D. Hawai`i July 15, 2014) (citing Enoka v. AIG Hawaii Ins. Co., Inc., 128 P.3d 850, 872 (Haw. 2006)). "The term 'outrageous' has been construed to mean without cause or excuse and beyond all bounds of decency." Enoka, 109 Hawai`i at 559, 129 P.3d at 872 (citation and internal quotation marks omitted). Plaintiff alleges that Wagatsuma's actions within the LTS program, including particular movies shown and treatment of certain KCCC inmates, were outrageous. [Mem. in Supp. of Motion at 30-31.] This is irrelevant. To recover on a claim for IIED, Plaintiff must show that Wagatsuma's treatment of **her** was outrageous. In addition, to further support this element of her claim, Plaintiff cites the same actions used to support her other claims. See Mem. in Supp. of Motion at 32-35. The Court FINDS, for the same reasons stated previously, that there is conflicting evidence about whether or not these actions were outrageous. Thus, even assuming Plaintiff could show that she is entitled to judgment as a matter of law on the other elements of IIED, the Court may not grant the Motion on Count IV. The Court therefore

CONCLUDES that Plaintiff is not entitled to judgment as a matter of law on Count IV.

**CONCLUSION**

On the basis of the foregoing, Plaintiff Carolyn L. Ritchie's oral motion for Judgment as a Matter of Law, presented on December 7, 2016, is HEREBY DENIED. The Clerk's Office is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 30, 2017.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CAROLYN L. RITCHIE VS. THE STATE OF HAWAII, ET AL; CIVIL 14-00046 LEK-KJM; ORDER DENYING PLAINTIFF'S ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW**