IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROLYN C. RITCHIE, | ) | Civil No. 14-00046 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN |
| vs. | ) | PART AND DENY IN PART |
| | ) | DEFENDANTS' BILL OF COSTS |
| STATE OF HAWAI'I, | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| SAFETY; and NEAL | ) | |
| WAGATSUMA, in his official | ) | |
| capacity as Warden of the Kauai | ) | |
| Community Correctional Center, | ) | |
| Department of Public Safety, State | ) | |
| of Hawai'i, and in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART DEFENDANTS' BILL OF COSTS

On April 13, 2017, Defendants State of Hawai'i, Department of

Public Safety, and Neal Wagatsuma, in his official capacity as Warden of the

Kauai Community Correctional Center, Department of Public Safety, State of

Hawai'i, and in his individual capacity ("Defendant Wagatsuma") (collectively,

Defendants"), filed their Bill of Costs.  ECF No. 425.  On April 20, 2017, Plaintiff

Carolyn C. Ritchie ("Plaintiff") filed her Objections to the Bill of Costs

("Objection").  ECF No. 427.  On May 2, 2017, Defendants filed their Reply.  ECF
No. 431.

The Court finds this matter suitable for disposition without a hearing
pursuant to Rule 7.2 of the Local Rules of Practice for the United States District
Court for the District of Hawaii ("Local Rules").  After carefully reviewing the
filings and the record in this case, the Court FINDS and RECOMMENDS that the
district court GRANT IN PART and DENY IN PART Defendants' Bill of Costs.

## I.    BACKGROUND

This case arises out of Plaintiff's former employment as a psychiatric
social worker at Kauai Community Correctional Center ("KCCC").  In January
2014, Plaintiff filed her original Complaint in this case, alleging that KCCC
terminated her employment after she raised concerns about discrimination against
female inmates and employees at KCCC and Defendant Wagatsuma's allegedly
inappropriate conduct towards inmates.  *See* ECF No. 1.  Plaintiff asserted various
claims for civil rights violations against Defendants, including claims under Title
VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983, and Hawaii
Revised Statutes ("HRS") § 378-2.

Defendants prevailed on all of Plaintiff's claims remaining at the time
of trial.  Thus, on March 30, 2017, the district court entered judgment in favor of
Defendants.  ECF No. 404.  On April 13, 2017, Defendants timely filed their Bill

2

of Costs, seeking an award of costs for $47,364.52.  ECF No. 425.  Defendants'

Bill of Costs also includes a Memorandum in Support of Bill of Costs, Declaration

of Nelson Y. Nabeta ("Nabeta Declaration"), and exhibits.  ECF No. 425-1 to 425-

8.  Plaintiff filed her Objection on April 20, 2017, and Defendants filed their Reply

on May 2, 2017.  ECF No. 427; ECF No. 431.

## II.    DISCUSSION

### A.    Defendants' Bill of Costs

Defendants request $47,364.52 in costs pursuant to Rule 54(d)(1) of

the Federal Rules of Civil Procedure ("FRCP").  *See* ECF No. 452-1 at 2.  FRCP

Rule 54(d)(1) states that, "[u]unless a federal statute, these rules, or a court order

provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party."  Thus, pursuant to FRCP Rule 54(d), courts have discretion to

award costs to the prevailing party.  *See Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d

1124, 1126 (D. Haw. 1999).

Indeed, "Rule 54(d) creates a presumption in favor of awarding costs

to prevailing parties, and it is incumbent upon the losing party to demonstrate why

the costs should not be awarded."  *Id.*  "The presumption itself provides all the

reason a court needs for awarding costs, and when a district court states no reason

for awarding costs, [the appellate court] will assume it acted based on that

presumption."  *Quan v. Comput. Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010)

(brackets added) (citations omitted).  "To overcome this presumption, a losing

party must establish a reason to deny costs."  *Stanley v. Univ. of S. Cal.*, 178 F.3d

1069, 1079 (9th Cir. 1999).

While courts have discretion to award costs pursuant to Rule 54(d),

"courts may only tax those costs defined in 28 U.S.C. § 1920."  *Yasui*, 78 F. Supp.

2d at 1126 (other citations omitted) (citing *Aflex Corp. v. Underwriters Labs., Inc.*,

914 F.2d 175, 176 (9th Cir. 1990) (providing that § 1920 enumerates expenses that

a federal court may tax as a cost under the discretionary authority found in

Rule 54(d)).  Section 1920 enumerates costs taxable to the prevailing party:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;
>
> (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)    Docket fees under section 1923 of this title;
>
> (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Court addresses Defendants' specific requests in turn.

1.    <u>Fees of the Clerk</u>

Defendants seek to recover $35.00 incurred for copies of jury cards. *See* ECF No. 425-1 at 3.  Plaintiff does not appear to object to Defendants' request for such costs, which are recoverable under § 1920(1).  *See Tucker v. Perez*, Civil No. 09-00376 SOM-KSC, 2011 WL 1467779, at *4 (D. Haw. Mar. 28, 2011) (citation omitted), *adopted in* 2011 WL 1467776 (D. Haw. Apr. 15, 2011). Accordingly, the Court RECOMMENDS that the district court award Defendants $35.00 for fees paid to the Clerk.

2.    <u>Transcript Costs</u>

Defendants seek transcript costs in the amount of $16,676.74 for various depositions, hearings, and trial proceedings.  *See* ECF No. 425-1 at 3-5.  Of this amount, Plaintiff appears to only object to Defendants' recovery of $651.13 for two deposition transcripts and the hearing transcripts.  *See* ECF No. 427 at 14-15.  Plaintiff argues that Defendants are not entitled to such costs because they were "for discovery related and other non-trial matters [and] were 'not reasonably necessary for trial[.]'"  *See id.* at 14.

Local Rule 54.2 limits an award for transcript fees to the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case . . . ."  LR54.2(f)(2).  In addition, Local Rule 54.2 provides that "[a] deposition need not be introduced at trial, so long as,

at the time it was taken, it could reasonably have been expected that the deposition

would be used for trial preparation, rather than mere discovery." *Id.*

      a.   <u>Depositions</u>

      Defendants seek $513.40 for costs "related to the depositions for

medical records of Dr. Leia Melead and Dr. George Fritz" on May 26, 2015.  ECF

No. 425-1 at 5; *see also* ECF No. 425-5 at 13.  In her Objection, Plaintiff generally

contends that these depositions were merely for discovery and are, therefore, not

recoverable under § 1920(2).  *See* ECF No. 427 at 14.  Although Dr. Melead and

Dr. Fritz did not testify at trial, as late as May 25, 2016, Plaintiff named them as

witnesses she would likely call to testify at trial.  *See* ECF No. 230 at 25.  Thus, the

Court FINDS that the doctors' depositions in May 2015 were reasonably necessary

for use in this case.  *See Bracken v. Okura*, Civ. No. 11-00784 LEK-BMK, 2014

WL 6694300, at *6 (D. Haw. Nov. 26, 2014), *adopted in* 2014 WL 7205473 (D.

Haw. Dec. 16, 2014) (concluding that deposition transcript costs were reasonably

necessary where the plaintiff named deponents as witnesses he intended to call at

trial).  Accordingly, the Court RECOMMENDS that the district court award

Defendants $513.40 for costs related to Dr. Malead's and Dr. Fritz's depositions.

      In addition, Defendants request $183.24 for DVD copies of Defendant

Wagatsuma's depositions.  *See* ECF No. 425-5 at 17-18.  Based on the invoices

Defendants submitted with the Bill of Costs, it appears that Plaintiff deposed

6

Defendant Wagatsuma on February 17, 2016 and May 8, 2016. *See id.*

Defendants seek reimbursement for four copies of the February 17, 2016,

deposition and 3 copies of the May 8, 2016 deposition, at the rate of $25.00 per

copy. *See id.* Plaintiff does not specifically object to these requests. Nevertheless,

the Court FINDS that Defendants are only entitled to reimbursement for one copy

of each deposition. *See* LR54.2(f)(2). The Court, therefore, RECOMMENDS that

the district court reduce Defendants' recovery from $183.24 to $52.36.

Based upon the foregoing, the Court RECOMMENDS that the district

court award Defendants $15,748.53 for deposition transcript costs.

b.    Court Proceedings

Defendants request $137.73 for the court transcripts of the May 26,

2015 hearing on Plaintiff's motions to compel discovery and the September 15,

2014 hearing on Defendants' Motion for Judgment on the Pleadings. *See* ECF No.

425-5 at 19-21. Plaintiff argues that such transcripts were not reasonably

necessary. *See* ECF No. 427 at 14. Indeed, Defendants offer no explanation as to

why these transcripts were necessary for use in the case. Accordingly, the Court

RECOMMENDS that the district court DENY Defendants' request for hearing

transcript costs. *See Rodriguez*, 775 F. Supp. 2d at 1223 (denying the defendant's

request for daily trial transcript costs because the defendant failed to explain why

such costs were necessary).

7

Defendants also request $659.60 for the court transcript of one day of trial proceedings.  *See* ECF No. 425-5 at 21.  Plaintiff does not object to this request, which the Court FINDS reasonable.  Thus, the Court RECOMMENDS that the district court award Defendants $659.60 for court proceeding transcripts.

In sum, the Court RECOMMENDS that the district court award Defendants $16,408.13 for transcript costs.[1]

### 3.    Printing and Copying Costs

Defendants request reimbursement of $977.30 for copying costs.  *See* ECF No. 425-1 at 5-6.  Of this amount, $859.50 is for in-house copying costs, and the remaining $117.80 is for outside copying costs.  *See* ECF No. 425-6.  Copying and printing costs are taxable under § 1920.  *See* 28 U.S.C. § 1920(3), (4).  Local Rule 54.2(f) provides, in relevant part:  "The costs of copies necessarily obtained for use in the case is taxable, provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  LR54.2(f)(4).

Plaintiff argues that Defendants are not entitled to recover this amount because "Defendants do not identify what documents were copied and 'the use of or intended purpose for the items copied,' . . ."  *See* ECF No. 427 at 12 (quoting LR54.2(f)(4)).  Plaintiff is correct that Defendants did not include the required

---

[1] This amount consists of $15,748.53 for deposition transcripts and $659.60 for court transcripts of trial proceedings.

8

information in the Nabeta Declaration.  Attached to the Nabeta Declaration, however, is an exhibit in which Defendants specify that their $859.50 request for in-house copying costs is for one original and two courtesy copies of Defendants' trial exhibits.  *See* ECF No. 425-6 at 2.  Defendants assert that the three sets of trial exhibits totaled 5,730 pages, and were copied at $0.15 per page.  *See id.*  Although Defendants' counsel did not include this information in the Nabeta Declaration, the Court will consider it because Mr. Nabeta attests to the truth and accuracy of the exhibits in his Declaration.  *See* ECF No. 425-2 at ¶ 6.  The Court cautions Defendants' counsel that, in submitting bill of costs in future cases, counsel must pay closer attention to the requirements of Local Rule 54.2.

The Court FINDS that Defendants' trial exhibits were necessarily obtained for use in this case.  In addition, "[t]he cost of the two required courtesy copies are taxable."  *Black v. City and Cnty. of Honolulu*, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, at *23 (D. Haw. Feb. 22, 2010).  Furthermore, the Court FINDS that Defendants' request is reasonable.  *See* LR54.2(f)(4) ("[T]he practice of this court is to allow taxation of copies at $.15 per page . . . .").  Accordingly, the Court RECOMMENDS that the district court award Defendants $859.50 for in-house printing and copying costs.

As to their request for outside copying costs, Defendants also assert that the copied documents "were obtained through the discovery process of this

9

case either from the Plaintiff or the Department of Public Safety and used in the

preparation of the defenses asserted on behalf of the Defendants at the time of

trial." *See id.*  Defendants, however, do not provide a description of the copied

documents.  The Court, therefore, FINDS that Defendants fail to provide sufficient

information to support a finding that such copies were necessary for use in the

case.  *See* LR54.2(f)(4).  Accordingly, the Court RECOMMENDS that the district

court DENY Plaintiff's request for outside copying costs.

In sum, the Court RECOMMENDS that the district court tax in-house

printing and copying costs in favor of Defendants for $859.50.

4.   <u>Witness Fees</u>

a.   <u>Expert Witness Fees</u>

Defendants seek to recover $21,446.07 in expert witness fees.  *See*

ECF No. 427 at 1-2; *see also* ECF No. 427-1 at 9.  Defendants assert that such fees

were incurred to prepare Defendants' experts for their respective depositions and

trial testimony.  *See* ECF No. 427 at 9-10.  Plaintiff argues that Defendants are not

entitled to recovery because such fees are not allowable under 28 U.S.C. § 1821(b)

and § 1920.  *See* ECF No. 427 at 11.  For the reasons below, the Court agrees.

Defendants cite neither § 1821 nor § 1920 to support their request for

expert witness fees.  Instead, Defendants argue that they are entitled to recovery

pursuant to HRS § 607-9 and HRS § 368-17(a)(9).  *See id.* at 8-9.  Defendants

10

appear to conflate a bill of costs under Local Rule 54.2 with a request for
attorneys' fees and related non-taxable expenses under Local Rule 54.3.  Because
"a request for Bill of Costs is limited to the enumerated items in 28 U.S.C.
§ 1920[,]" HRS § 607-9 and HRS § 368-17(a)(9) are inapplicable.  *Hodges v. CGI
Fed. Def. & Intelligence*, Civ. No. 12-00420 LEK-BMK, 2015 WL 687008, at *3
(D. Haw. Jan. 28, 2015), *adopted in* 2015 WL 710184 (D. Haw. Feb. 18, 2015);
*accord Ignacio v. County of Hawaii*, CV No. 11-00516 SOM-BMK, 2013 WL
2405211, at *2 (D. Haw. May 31, 2013, *adopted in* 2013 WL 3029738 (D. Haw.
June 17, 2013) ("Defendants' reliance on HRS § 607-9 to procure travel costs is
also procedurally improper because Defendants should have filed a motion for
non-taxable costs[,]" rather than a bill of costs.).

       Although Defendants' reliance upon HRS § 607-9 and HRS § 368-
17(a)(9) is misplaced, attendance costs for expert witnesses are taxable pursuant to
§ 1821.  "The costs for expert witnesses, just like the costs of lay witnesses, are
expressly limited by 28 U.S.C. § 1821 to $40 per day and reasonable travel
expenses 'at the most economical rate reasonably available' on a common carrier."
*Reimer v. Kukio Golf & Beach Club, Inc.*, Civil No. 12-00408 LEK-BMK, 2014
WL 4322024, at *6 (D. Haw. July 2, 2014), *adopted in* 2014 WL 4322028 (D.
Haw. Aug. 29, 2014) (quoting 28 U.S.C. § 1821(c)(1)).  Because the Nabeta
Declaration contains no specifics as to Defendants' requested expert witness fees,

the Court is forced to parse through Defendants' invoices.  In doing so, the Court

finds that a majority of the requested fees are for time spent evaluating the merits

of the case, and not reimbursable attendance or travel costs.  *See, e.g.*, ECF No.

425-8 at 2, 5.

　　　Based on Defendants' invoices, the Court FINDS that the only

reimbursable costs are for Joseph Rogers, Ph. D.'s one day of trial attendance[2] and

Thomas A. Loudat, Ph. D.'s attendance at his deposition.  *See id.* at 4, 7.

Defendants seek $675.00 and $733.00 for Dr. Rogers' and Dr. Loudat's

attendance, respectively.  These rates are clearly excessive under § 1821, and the

Court finds that $40.00 per expert witness is reasonable and appropriate.  *See* 28

U.S.C. § 1821(b).  Although Defendants appear to request reimbursement for their

expert witnesses' travel costs, Defendants fail to provide sufficient information to

show that the expert witnesses utilized the most economical rate reasonable

available on a common carrier.  Accordingly, Defendants are not entitled to

reimbursement for such travel costs.

　　　Based upon the foregoing, the Court RECOMMENDS that the district

court award $80.00 to Defendants for expert witness fees.

---

[2] Dr. Rogers testified at trial on December 7, 2016.  *See* ECF No. 420.

b.    <u>Travel Costs Related to Witnesses</u>

Witness fees are taxable pursuant to § 1920(3). Local Rule 54.2(f)(3)

further specifies that "[p]er diem, subsistence, and mileage payments for witnesses

are allowable to the extent reasonably necessary and provided for by 28 U.S.C.

§ 1821." LR54.2(f)(3); *see also Clausen v. M/V New Carissa*, 339 F.3d 1049,

1064 (9th Cir. 2003). Section 1821 expressly limits witness fees to $40 per day

and reasonable travel expenses "at the most economical rate reasonably available"

on a common carrier. 28 U.S.C. § 1821(b), (c)(1). Defendants seek $8,229.41 for

reimbursement of travel costs related to witnesses as follows:[3]

| Witness | Amount |
|---|---|
| Neal Wagatsuma | $5,497.88 |
| Harry Victorino | $841.71 |
| William White | $795.61 |
| Sharon Talbo | $561.11 |
| Jacquiline Dejos | $272.60 |
| Lewis Lindsey | $260.50 |

*See* ECF No. 425-7 at 1.[4]

---

[3] Although Defendants categorize their request under "Other" on their HID 133
Bill of Costs Form, the Court analyzes this request as one for "fees for witnesses."

[4] In their Memorandum in Support of Bill of Costs, Defendants state that their
request also includes witness fees for Judy Yamada and Renee Laulusa. *See* ECF

13

i.    <u>Defendant Wagatsuma</u>

Defendants seek $5,497.88 in witness attendance fees and travel

expenses for Defendant Wagatsuma.  *See* ECF No. 425-7 at 2-77.  The

Memorandum in Support and the Nabeta Declaration do not specifically indicate

the basis for such costs.  Based upon a review of Defendants' invoices, the Court

discerns that the requested costs relate to Defendant Wagatsuma's attendance at his

depositions, Plaintiff's deposition, and trial, as well as his associated travel costs.

Generally, however, "the expenses of witnesses who are themselves parties are not

taxable."  *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) (other

citations omitted) (citing *Haroco, Inc. v. Am. Nat'l Bank and Trust Co.*, 38 F.3d

1429, 1442 (7th Cir. 1994)); *see also* 10 James WM. Moore, Moore's Federal

Practice § 54.103[3][c][ii] (3rd ed. 2016) ("As interpreted by the courts . . .

"witness" [under § 1821] does not include parties to the action; a party may not

collect fees as a witness, nor may those fees be taxed as costs.").

Because Defendant Wagatsuma is a party to this action, the Court

FINDS that Defendants are not entitled to recovery for his witness fees and travel

expenses.

---

No. 425-1 at 7.  The Court notes, however, that Defendants' supporting invoices do
not appear to relate to expenses for Ms. Yamada or Ms. Laulusa.

ii.    Other Attendance Costs

Defendants seek $271.00 paid to Mr. Victorino, Mr. White,

Ms. Talbo, Ms. Dejos, and Mr. Lindsey (collectively, "Witnesses") to attend the

trial.  *See* ECF No. 425-7 at 80, 82, 83, 86, 88, 90, 93, 95, 100.  Defendant requests

between $20.00-$33.00 for each day the Witnesses testified at trial.  Given that

Defendants request less than the $40 per day provided for under § 1821, the Court

FINDS that Defendants' request as to days on which the Witnesses actually

testified at trial are reasonable.  Accordingly, the Court RECOMMENDS that the

district court award Defendants $185.00 for witness attendance costs.  For the

explained below, the Court RECOMMENDS that the district court DENY the

remaining $66.00 of Defendants' request as to this item.

As to Mr. Victorino, Mr. White, and Ms. Talbo, Defendants also seek

$66.00 for trial attendance costs for days which such witnesses did not testify.  *See*

ECF No. 80, 86, 93.  Generally, § 1821 does not limit recovery to attendance costs

for dates on which a witness actually testifies.  *See Haroco*, 38 F.3d at 1442

(recognizing that "witness fees compensate[] the witnesses for their availability

and readiness to testify rather than actual testimony") (citation omitted).  In this

case, however, Defendants do not assert that Mr. Victorino, Mr. White, and

Ms. Talbo attended additional trial days to be available to testify, or otherwise

explain why it was reasonably necessary for them to attend trial on such dates.  *See*

15

LR54.2(f)(3).  Thus, the Court is without sufficient information to determine the
reasonableness of these attendance costs.  Accordingly, the Court
RECOMMENDS that the district court DENY this portion of Defendants' request.

### iii.  Other Airfare Costs

Defendants seek $2,460.53 in reimbursement for roundtrip airfare
costs incurred to fly the Witnesses from Kauaʻi to Oʻahu to attend the trial.  As an
initial matter, for the reasons set forth above, the Court FINDS that Defendants are
not entitled to recover airfare costs as to Mr. Victorino, Mr. White, and Ms. Talbo
for dates on which they did not actually testify.

Section 1821 provides, in pertinent part:  "Such a witness shall utilize
a common carrier at the most economical rate reasonably available.  A receipt or
other evidence of actual cost shall be furnished."  28 U.S.C. § 1821(c)(1).  Plaintiff
argues in her Objection that, although Defendants provide receipts for the
requested costs, Defendants fail to establish that the costs incurred were at the most
economical rate reasonably available.  *See* ECF No. 427 at 13-14.  In their Reply,
Defendants provide no additional information as to the reasonableness of the
subject airfares.  Based upon the foregoing, the Court FINDS that Defendants fail
to demonstrate that the Witnesses' airfares were at "the most economical rate
reasonably available," and, therefore, RECOMMENDS that the district court deny
Defendants' request for airfare reimbursement.

16

In sum, the Court RECOMMENDS that the district court tax $265.00 in favor of Defendants for witness fees.

B.    Plaintiff's Arguments Against an Award of Costs

Notwithstanding the presumption of awarding a prevailing party its costs, the Ninth Circuit Court of Appeals has previously recognized the following as appropriate reasons to deny costs:  "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."  *Escriba v. Foster Poultry Farms, Inc.* 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citation omitted).  Here, Plaintiff argues that the Court should deny Defendants' Bill of Costs in its entirety because forcing Plaintiff to pay Defendants' costs would:  (i) render her indigent; and (ii) result in a "chilling effect" on future similar civil rights actions.  *See* ECF No. 427 at 4. Plaintiff also argues that the Court should deny costs based on economic disparity between the parties.  The Court addresses each of Plaintiff's arguments below.

1.    Plaintiff's Limited Financial Resources

Plaintiff argues that the Court should deny the Bill of Costs due to her limited financial resources.  *See* ECF No. 427 at 5 -7.  In support of her argument, Plaintiff submits a declaration stating that:  (i) she is 75 years old; (ii) since 2012, she has been unable to secure employment; (iii) her approximate $3,000.00

monthly income is derived from social security benefits and retirement pension;

(iv) her monthly living expenses exceed $4,400.00 for "rent, utilities, food,

insurance, medical care, etc[.]"; and (v) she has "debt totaling over $23,600.00."

*See* ECF No. 427-1 at ¶¶ 5-9.  In their Reply, Defendants do not appear to disagree

that a party's limited financial resources is a basis for denying costs.  Instead,

Defendants argue that Plaintiff's declaration alone cannot substantiate her claim of

financial hardship.  *See generally* ECF No. 431.  The Court agrees for the reasons

set forth below.

"Costs are properly denied when a plaintiff would be rendered

indigent should she be forced to pay the amount assessed."  *Escriba*, 743 F.3d at

1248 (internal quotation marks omitted); *Stanley*, 178 F.3d at 1079 ("Indigency is a

factor that the district court may properly consider in deciding whether to award

costs.").  "The burden of proving financial hardship falls on the objecting party,

who must provide the court with sufficient documentation such as affidavits,

statements of assets and income, and a schedule of expenses."  *Rossi v. City of

Chicago*, 790 F.3d 729 (7th Cir. 2015) (citing *Rivera v. City of Chicago*, 469 F.3d

631, 635 (7th Cir. 2006)).  In other words, to establish financial hardship to justify

a denial of a prevailing party its entitlement to statutorily authorized costs, the

objecting party must provide substantial documentation of his or her true inability

to pay.  *See Chapman v. Al Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000); *see*

18

*also Tsun v. WDI Intern., Inc.*, Civil No. 12-00051 LEK-KSC, 2013 WL 1901195, at *3 (D. Haw. April 19, 2013), *adopted in* 2013 WL 1901322 (D. Haw. May 6, 2013) ("The Court will not deprive Defendant of its entitlement to statutorily authorized costs as the prevailing party merely because Plaintiff asserts an unsupported claim of 'poverty[.]'").

Here, Plaintiff's declaration states her total monthly income and expenses. Plaintiff does not, however, provide a schedule of expenses or documentation of her other assets and income, if any. Thus, while the Court sympathizes with Plaintiff's circumstances, the Court FINDS that, without more, Plaintiff's declaration does not constitute substantial documentation of her financial hardship for purposes of the Bill of Costs.

2.    "Chilling Effect" on Future Similar Actions

Plaintiff argues that awarding Defendants costs in this case will result in a "chilling effect" on future similar civil rights actions. *See* ECF No. 427 at 7-9. "The Ninth Circuit Court of Appeals has recognized that the imposition of high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Marugame v. Johnson*, Civ. No. 11-00710 LEK-BMK, 2015 WL 456549, at *4 (D. Haw. Feb. 2, 2015) (citing *Stanley*, 178 F.3d at 1080). Here, however, the imposition of costs will not have a chilling effect on future Title VII litigants because the costs accumulated in this case—as adjusted herein—after

19

nearly three and a half years of unsuccessful litigation, are not unreasonably high. *Id.* (concluding that award of $17,988.15 in favor of defendants "after three years of unsuccessful litigation" was not unreasonably high so as to result in a chilling effect on future Title VII actions); *see also Haldeman v. Golden*, Civ. No. 05-00810 DAE-KSC, 2010 WL 2176089, at *1, 4 (D. Haw. May 28, 2010) (taxing costs in the amount of $22,235.08 against plaintiffs after plaintiffs unsuccessfully litigated their case for nearly four and a half years).

While the Court again acknowledges Plaintiff's financial situation, "[e]xposure to and liability for a defendant's costs is a risk assumed by plaintiffs in litigation." *Tsun,* 2013 WL 1901195, at *3. Thus, the Court FINDS that Plaintiff has not established that an award of costs in this case would chill future Title VII litigants.

3.    Economic Disparity Between the Parties

Plaintiff argues that the economic disparity between the parties is "a factor that clearly weighs in Plaintiff's favor to deny Defendants' Bill of Costs." *See* ECF No. 427 at 7. Indeed, it is undisputable that the economic disparity between Plaintiff and Defendants is "vast." *See id.* The Court FINDS, however, that this factor alone is insufficient to deny Defendants' Bill of Costs in this case.

III.    <u>CONCLUSION</u>

Based upon the foregoing, the Court FINDS and RECOMMENDS

that the district court GRANT IN PART and DENY IN PART Defendants' Bill of

Costs [ECF No. 425].  Specifically, the Court RECOMMENDS that the district

court tax costs in favor of Defendants as follows:

| | | |
|---|---|---|
| (A) | Fees of the Clerk | $35.00 |
| (B) | Transcript Costs | $16,408.13 |
| (C) | Printing and Copying Costs | $859.50 |
| (D) | Witness Fees | $265.00 |
| | **TOTAL** | **$17,567.63** |

The Court RECOMMENDS that the district court deny Defendants' request for

costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawai'i, May 31, 2017.



　　　　　　　　 /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Carolyn C. Ritchie v. State of Hawai'i, Department of Public Safety, et al.*; CV 14-00046 LEK-
KJM; Findings and Recommendation to Grant in Part and Deny in Part Defendants' Bill of Costs