IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROLYN C. RITCHIE,<br><br>      Plaintiff,<br><br>  vs.<br><br>THE STATE OF HAWAI`I,<br>DEPARTMENT OF PUBLIC SAFETY;<br>and NEAL WAGATSUMA, in his<br>official capacity as Warden<br>of the Kauai Community<br>Correctional Center,<br>Department of Public Safety,<br>State of Hawai`i, and in his<br>individual capacity,<br><br>      Defendants.<br>_____ | CIVIL 14-00046 LEK-KJM |

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, A NEW TRIAL**

On April 27, 2017, Plaintiff Carolyn L. Ritchie ("Plaintiff") filed her Renewed Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial ("Motion"). [Dkt. no. 428.] Defendants State of Hawai`i, Department of Public Safety ("DPS") and Neal Wagatsuma, in his individual capacity ("Wagatsuma" and collectively "Defendants"), filed a memorandum in opposition on May 12, 2017, and Plaintiff filed a reply on May 26, 2017. [Dkt. nos. 437, 438.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The

Motion is denied for the reasons set forth below.

## BACKGROUND

The background of this matter is set forth in the Court's Order Denying Plaintiff's Oral Motion for Judgment as a Matter of Law, filed on March 30, 2017 ("3/30/17 Order").[1] [Dkt. no. 403.[2]] The Court repeats only those facts helpful to the instant Motion. The trial proceeded on the following claims: unlawful retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-1, *et seq.*, against DPS ("Count I"); violation of 42 U.S.C. § 1983 against Wagatsuma (based on violation of the First Amendment to the United States Constitution) ("Count II"); unlawful incitement or attempted incitement of retaliation in violation of Haw. Rev. Stat. § 378-2 against Wagatsuma ("Count III"); intentional infliction of emotional distress ("IIED") against Wagatsuma ("Count V"); and defamation against Wagatsuma ("Count VI"). On November 30, 2016, Plaintiff voluntarily withdrew Count VI with prejudice. [Minutes, filed 11/30/16 (dkt. no. 337).]

On December 20, 2016, after sixteen days of trial, the jury reached a verdict. [Minutes, filed 12/20/16 (dkt. no.

---

[1] Plaintiff orally presented her Motion for Judgment as a Matter of Law on December 7, 2016, pursuant to Fed. R. Civ. P. 50(a). [Minutes, filed 12/7/16 (dkt. no. 349).]

[2] The 3/30/17 Order is also available at 2017 WL 1239143.

397).] The jury found in favor of Defendants on all counts. See Special Verdict Form as to Defendant State of Hawai`i, Department of Public Safety ("DPS Verdict Form"), filed 12/20/16 (dkt. no. 399); Special Verdict Form as to Defendant Wagatsuma ("Wagatsuma Verdict Form"), filed 12/20/16 (dkt. no. 400).

## STANDARD

This district court has explained:

> Federal Rule of Civil Procedure 50(b) allows a party to file a renewed motion for judgment as a matter of law after entry of judgment on a jury verdict. To file a renewed motion under Rule 50(b), a party generally must first file a motion for judgment as a matter of law under Rule 50(a) before the case is submitted to the jury. E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009). If the court denies or defers ruling on the Rule 50(a) motion and the jury returns a verdict against the moving party, the party may then renew the motion under Rule 50(b). Id. Because it is a "renewed" motion, a party cannot "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion." Id. (quoting Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003)).
>
> The rule that a party must move for judgment as a matter of law before the case is submitted to a jury does not apply if the motion alleges inconsistencies in the answers given to a special verdict. Pierce v. Souther[n] Pacific Transp. Co., 823 F.2d 1366, 1369 (9th Cir. 1987) ("When a special verdict does not support a judgment a reviewing court may make an exception to the Rule 50(b) requirement of a motion for directed verdict as a prerequisite to a motion [judgment notwithstanding the verdict]."); Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1033 (9th Cir. 2003).

> In ruling on a 50(b) motion, the Court may allow judgment on the verdict, order a new trial, or reverse the jury and direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). The court will direct judgment as a matter of law if "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Go Daddy Software, Inc., 581 F.3d at 961 (quoting Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006)). When considering the motion, the court "may not make credibility determinations or weigh the evidence." Id. (quoting Reeves v. Sanderson Plumb[]ing Prods., Inc., 530 U.S. 133, 150 (2000)). Instead, the court reviews the evidence "in the light most favorable to the nonmoving party" and draws "all reasonable inferences in that party's favor." Id. (quoting Josephs, 443 F.3d at 1062)). "While the district court may not resolve conflicts in the testimony or weigh the evidence, it may evaluate evidence at least to the extent of determining whether there is substantial evidence to support the verdict. '[A] mere scintilla of evidence will not suffice.'" Von Zuckerstein v. Argonne Nat'l Laboratory, 984 F.2d 1467, 1471 (7th Cir. 1993) (citing La Montagne v. American Convenience Products, Inc., 750 F.2d 1405, 1410 (7th Cir. 1984)).
>
> The Ninth Circuit has defined substantial evidence as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) (citing George v. City of Long Beach, 973 F.2d 706, 709 (9th Cir. 1992)).

Dawkins v. City & Cty. of Honolulu, Civ. No. 10-00086 HG-KSC, 2012 WL 1982461, at *3-4 (D. Hawai`i May 31, 2012) (some alterations in Dawkins).

4

>   In addition,
>
>   > Federal Rule of Civil Procedure 50(b) allows a party filing a renewed motion for judgment as a matter of law to include an alternative request for a new trial under Rule 59. Rule 59 allows the court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Although Rule 59 does not specify the grounds on which a court may order a new trial, historically recognized grounds include: "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.5 (9th Cir. 2000)).
>   >
>   > "When a motion for a new trial is based on insufficiency of the evidence, a 'stringent standard applies' and a new trial may be granted 'only if the verdict is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result.'" MLM Property, LLC v. Country Cas. Ins. Co., 2010 WL 1948609, at *2 (D. Or. 2010) (quoting Digidyne Corp. v. Data Gen. Corp., 734 F.2d 1336, 1347 (9th Cir. 1984)).

Id. at *4.

## DISCUSSION

### I.   DPS Verdict on Count I

Plaintiff argues that "[t]he jury's answer to Question No. 3 of the DPS Verdict Form finding a failure of proof that [Plaintiff] had been subjected to an adverse employment action is . . . against the great weight of the evidence." [Mem. in Supp. of Motion at 13-14.] Question 3 asked the jury: "Did Plaintiff

5

prove by a preponderance of the evidence that she suffered adverse employment actions?" [DPS Verdict Form at 2.] The jury answer "No," thus finding in favor of DPS on Count I.

A claim for Title VII retaliation requires a plaintiff to show: "(1) [s]he engaged in a protected activity; (2) [s]he suffered an adverse employment action; and (3) there was a causal connection between the two." Jinadasa v. Brigham Young Univ. - Haw., Civil No. 14-00441 SOM/BMK, 2015 WL 3407832, at *6 (D. Hawai`i May 27, 2015) (citing Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008)). This district court has stated that "[a]n 'adverse employment action' is an action that is 'materially adverse' to a reasonable employee or job applicant." Lee v. Hawai`i, Civ. No. 09-00032 SOM/KSC, 2010 WL 235009, at *5 (D. Hawai`i Jan. 20, 2010) (quoting Burlington N. & Santa Fe. Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). Likewise, the Jury Instructions explained, "[a]n action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity." [Jury Instructions, filed 12/12/16 (dkt. no. 359), at 24 (Jury Instruction No. 21).]

In Burlington Northern, the United States Supreme Court explained, "[w]e phrase the standard in general terms because the significance of any given act of retaliation will often depend

6

upon the particular circumstances. Context matters." 548 U.S. at 69. Plaintiff cites a number of allegedly adverse employment actions. See Mem. in Supp. of Motion at 5-6. In the 3/30/17 Order the Court explained:

> DPS, however, has produced sufficient evidence from which a jury could infer that the investigations, suspension, and general treatment of Plaintiff were due to her repeated violations of the rules, and that the search and eventual hire of a full-time social worker were the result of the facility's needs. This evidence includes, but is not limited to, improper communication with inmates – including passing notes between inmates, giving inmates candy, and engaging in an ongoing correspondence with a [Kaua`i Community Correctional Center ("KCCC")] inmate using someone else's name – and not altering her behavior when counseled by members of KCCC staff. Moreover, Lieutenant Thomas Lindsey ("T. Lindsey") testified that the length of the first investigation was, in part, due to the many other responsibilities that he had at KCCC, and Wesley Mun, DPS Corrections Health Care Administrator, and Michael Hoffman [("Hoffman")], former director of the institutions division at DPS, testified that, while Plaintiff's investigation was long, other investigations have been longer. See Minutes, filed 11/18/16 (dkt. no. 319) (T. Lindsey examination); Minutes, filed 12/1/16 (Hoffman examination); Minutes, filed 12/2/16 (dkt. no. 345) (Mun examination).

2017 WL 1239143, at *3 (footnote omitted). Given the context here, there was substantial evidence to support the jury's finding that a reasonable employee in Plaintiff's position would not be deterred from reporting discrimination. Moreover, the jury's finding is not against the great weight of the evidence. See Dawkins, 2012 WL 1982461, at *3-4 (citations omitted).

7

Accordingly, the Motion is denied as to Count I.

## II. Wagatsuma Verdict on Count II

Plaintiff asserts that "[t]he jury's answers to Questions Nos. 1 and 2 of the Wagatsuma Verdict Form are factually inconsistent" because "[e]ither there was **no** retaliation, as the jury found by its response to Question No. 1, or there **was** retaliation . . . but it was objectively reasonable for Wagatsuma to believe his role in that retaliation did not violate [Plaintiff]'s First Amendment right[s]." [Mem. in Supp. of Motion at 15 (emphases in original).] She seeks entry of judgment in her favor on Count II, or, in the alternative, a new trial on this claim. [Id. at 17.]

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) a violation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation was committed by a person acting under color of law." Ragasa v. Cty. of Kaua`i, CIVIL NO. 14-00309 DKW-BMK, 2016 WL 543118, at *11 (D. Hawai`i Feb. 8, 2016) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  The Wagatsuma Verdict Form asked the jury:

> 1. Did Defendant Wagatsuma prove by a preponderance of the evidence that he did not retaliate against Plaintiff as a result of the complaint she made about him to the Hawai`i Disability Rights Center ("HDRC") and/or Equal Employment Opportunity

>             Commission ("EEOC")?
>
>       2.    Did Defendant Wagatsuma prove by a
>             preponderance of the evidence that it was
>             objectively reasonable for him to believe
>             that he did not violate Plaintiff's First
>             Amendment right to send complaints about him
>             to the HDRC and/or the EEOC when he
>             participated in having two investigations
>             done regarding Plaintiff's alleged rule
>             violations and Plaintiff placed on leave for
>             17½ months pending the completion of the
>             first investigation and, as a consequence of
>             the first investigation, the 15-day
>             suspension without pay disciplinary sanction?

[Wagatsuma Verdict Form at 2.]  The jury answered "Yes" to both questions.  Thus, the jury found that Wagatsuma proved that he did not retaliate against Plaintiff, and it logically follows that the jury could also find that Wagatsuma proved by a preponderance of the evidence that his beliefs were objectively reasonable.[3]

    Second, Plaintiff contends that "the jury's answers to Questions Nos. 1 and 2 of the Wagatsuma Verdict Form . . . lack any evidentiary support."  [Mem. in Supp. of Motion at 16.]  In support of her position, Plaintiff alleges that "Wagatsuma

---

[3] The Court also notes that, while Plaintiff states that "Questions Nos. 1 and 2 of the Wagatsuma Special Verdict Form were offered to the jury by the Court, based on the insistence of the Defendants, and over [Plaintiff]'s vehement objections," [Mem. in Supp. of Motion at 15,] this is not supported by the record.  Plaintiff objected to limiting Count II to her reports to the HDRC and EEOC, but she did not object to the actual questions she now challenges in the Motion.  [Trans. of 12/9/16 status conference, filed 4/11/17 (dkt. no. 421), at 9-10.]

9

admitted that he sought to silence [Plaintiff]'s complaint about him and [Life Time Stand ("LTS")] by having the two investigations of [Plaintiff]'s alleged rule violations performed," and that "Defendants made no effort to identify which of [Plaintiff]'s complaints prompted the investigations and the other adverse employment actions taken against [Plaintiff] as a result." [Id.] Further, Plaintiff asserts that "no evidence was offered at trial regarding Wagatsuma's view as to whether his participation in the two investigations of [Plaintiff] did or did not violate [Plaintiff]'s right under the First Amendment to make complaints about LTS to the HDRC or the EEOC." [Id. at 17.]

First, Plaintiff overstates the evidence in the record. She cites two trial exhibits to support her position that Wagatsuma "admitted" using the investigations to silence her, the first of which is a letter from Wagatsuma to Hoffman, dated April 15, 2010 ("4/15/10 Letter"). [Tr. Exh. P-66.] In the 4/15/10 Letter, Wagatsuma voices his frustration with and concerns about Plaintiff, and states that, "in this case, some type of action is [sic] must be taken." [4/15/10 Letter at 2.] However, Wagatsuma also states that an inmate told him "that she was shocked when [Plaintiff] asked her if she was willing to be wired to secretly tape my talks to inmates." [Id. at 1.] While it is clear from the record that nothing came of these allegations, it provides one of many possible reasons for the

10

first investigation.  The Court may not weigh the evidence or make credibility determinations.  See Dawkins, 2012 WL 1982461, at *3 (citation omitted).  Similarly, Plaintiff cites a letter from Wagatsuma to Hoffman dated November 14, 2012 ("11/14/12 Letter") regarding the second investigation, [Tr. Exh. P-327,] in which he states:

> Earlier this year, [Plaintiff] filed a Civil Rights complaint . . . .  In response to that complaint, I made it clear she was attempting to build a case against me, and this facility as a ploy to smokescreen her criminal activities.  Throughout most of her employment, [Plaintiff] did whatever she pleased and played a cat and mouse game with us.  As her activities escalated, we were handcuffed because of the Whistleblower's law, and in the process, institutional order and safety was sacrificed.
>
> The issue with this former employee far transcends taking responsibility for her actions.  Because of her mindset, she will continue to slander and circumvent.  It is for this reason that we are recommending the case be referred to the Attorney General's office for criminal prosecution.

On its face, the 11/14/12 Letter states that Wagatsuma knew about the EEOC complaint and that the second investigation was not an effort to silence Plaintiff, but a response to her actions at KCCC.

The Court has already explained the evidence Wagatsuma provided to explain Plaintiff's treatment at KCCC.  See supra Section I.  The jury's verdict on Count II is supported by substantial evidence and is not against the great weight of the

11

evidence.  The Motion is denied as to Count II.

### III. Wagatsuma Verdict on Count III

Next, Plaintiff challenges the jury's finding that Plaintiff did not prove "by a preponderance of the evidence that Defendant Wagatsuma incited or attempted to incite DPS employees to retaliate against Plaintiff for her complaints about Defendant Wagatsuma."  [Wagatsuma Verdict Form at 4.]  Plaintiff states that "[t]he evidence proved the investigations were retaliatory and without legitimate non-pretextual basis."  [Mem. in Supp. of Motion at 18.]  Again, Plaintiff requests that the Court enter judgment in her favor or grant a new trial.  [Id. at 20.]  The Court has already identified a significant amount of evidence that could reasonably lead a jury to find that Wagatsuma did not incite or attempt to incite DPS employees to retaliate against Plaintiff, and that there were legitimate reasons for DPS's investigations and other actions.  See *supra* Section I.

Plaintiff also identifies two pieces of evidence that she contends were "fabricated."  [Mem. in Supp. of Motion at 19.]  Even if this is true, the Court is not permitted to weigh the evidence and cannot say that this evidence should have been given more weight than any other evidence.  The jury's verdict on Count III is supported by substantial evidence and is not against the great weight of the evidence.  The Motion is denied as to Count III.

## IV. <u>Wagatsuma Verdict on Count V</u>

Plaintiff's challenge to Count V is not related to the verdict itself, but to the Court's exclusion of evidence that Plaintiff believes would have shown that Wagatsuma's actions in the LTS program were "outrageous." The evidence excluded consisted of: (1) "example[s] of the sexually violent movie excerpts Wagatsuma admitted he showed to inmates"; and (2) "expert testimony of by Dr. Marcus Forbes that would have put Wagatsuma's bizarre and inevitably harmful 'counseling' practices into context." [Mem. in Supp. of Motion at 21.] Plaintiff argues that "[w]ithout this evidence, it was impossible for the jury to evaluate whether Wagatsuma's campaign to silence [Plaintiff] . . . was outrageous." [<u>Id.</u> at 22.]

First, Plaintiff requests either entry of judgment in her favor or a new trial on Count V because of this alleged error by the Court. [<u>Id.</u> at 23.] However, Rule 50 "is a vehicle to challenge the sufficiency of the evidence presented in a case, not evidentiary rulings." <u>Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP</u>, No. 08-CV-931(PKC)(JO), 2015 WL 3605143, at *15 (E.D.N.Y. June 5, 2015) (some citations omitted) (citing <u>Gierlinger v. Gleason</u>, 160 F.3d 858, 869 (2d Cir. 1998)). Because Plaintiff only seeks review of the Court's evidentiary rulings related to Count V, she may only seek a new trial on this issue.

13

Next, "[t]he elements of [IIED] pursuant to Hawaii law, are: (1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." Barber v. Ohana Military Cmtys., LLC, Civil No. 14-00217 HG-KSC, 2014 WL 3529766, at *10 (D. Hawai`i July 15, 2014) (citing Enoka v. AIG Hawaii Ins. Co., Inc., 128 P.3d 850, 872 (Haw. 2006)). Plaintiff alleged that DPS and Wagatsuma retaliated against her for reporting her concerns about the LTS program to officials within DPS and to outside agencies. Thus, for the purposes of an IIED claim, the retaliatory act would have to be outrageous – whether or not the LTS program itself is or is not outrageous is wholly irrelevant.[4] The Court did not err by excluding this evidence pursuant to Fed. R. Evid. 402 and 403, and it was not unfair to Plaintiff for the Court to do so. See Dawkins, 2012 WL 1982461, at *4 (citation omitted). The Motion is denied as to Count V.

**V.   Unfair Trial**

Finally, Plaintiff argues that "[t]he individual and collective effect of the Court's rulings on the evidence, jury instructions, and verdicts prejudiced [Plaintiff] and caused a miscarriage of justice to such a degree that [Plaintiff] should be granted a new trial." [Mem. in Supp. of Motion at 23

---

[4] Plaintiff also admitted that she never went to an LTS program meeting, and that she did not see the film in question.

14

(internal quotation marks omitted).]  Defendants submit that "Rule 59 does not provide a vehicle that [Plaintiff] can use to demand that the trial judge revisit the evidentiary rulings.  Such rulings are law of the case."  [Mem. in Opp. at 15.[5]]

> This district court has stated:
>
> The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs.  United States v. Thrasher, 483 F.3d 977, 981 (9th Cir. 2007) (citing Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993)).  Under the doctrine, a court is "generally precluded from reconsidering an issue previously decided by the same court[.]"  United States v. Lummi Indian Tribe, 235, F.3d 443, 452 (9th Cir. 2000).  For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in the previous disposition."  Id. (internal quotation and citation omitted).  Application of the doctrine is discretionary and a trial judge's decision to apply the doctrine is thus reviewed for an abuse of discretion.  Id.
>
> A court abuses its discretion in applying the law of the case if:  "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."  Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005).  "Law of the case should not be applied woodenly in a way inconsistent with substantial justice."  United States v. Miller, 822 F.2d 828, 832-33 (9th Cir.

---

[5] Plaintiff argues that the Court should strike or disregard Defendants arguments because they do not comply with the Ninth Circuit's appellate rules.  See Reply at 4.  Plaintiff does not explain why she thinks those rules apply here, and the Court will continue to apply the Local Rules and the Federal Rules of Civil Procedure.

15

    1987) (citing <u>Moore v. Js. H. Matthews & Co.</u>, 682
    F.2d 830, 833-34 (9th Cir. 1982)).

<u>Diamond Resort Haw. Corp. v. Bay West Kailua Bay, LLC</u>, CV. No. 10-00117 DAE-BMK, 2011 WL 2610203, at *4 (D. Hawai`i July 1, 2011) (alteration in <u>Diamond Resort</u>).  Plaintiff argues that exception four applies here because the trial is over.  [Reply at 11.]  Plaintiff is incorrect.  <u>Cf.</u> <u>United States v. Alexander</u>, 106 F.3d 874, 877 (9th Cir. 1997) ("The law of the case doctrine ordinarily precludes reconsideration of a previously decided issue.  In this circuit, a mistrial is not a cause for an exception." (citation omitted)).

   Plaintiff also asserts that exception five applies and that "Ninth Circuit law requires an assessment of whether the cumulative effect of harmless errors was enough to prejudice a party's rights."  [Reply at 11 (citing <u>United States v. de Cruz</u>, 82 F.3d 856, 868 (9th Cir. 1996)).]  Plaintiff overstates the holding in <u>de Cruz</u>.  <u>See</u> <u>de Cruz</u>, 82 F.3d at 868 ("Although individual errors looked at separately may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial as to require reversal.  However, the fact that errors have been committed during a trial does not mean that reversal is required." (citation and internal quotations marks omitted)).  Moreover, Plaintiff cites rulings that the Court made at different times throughout the trial, and simply repeats

16

arguments that the Court has already considered.  See Mem. in Supp. of Motion at 24-26.  These rulings do not constitute manifest injustice individually or collectively.  The Motion is denied as to Plaintiff's unfair trial claim.

## CONCLUSION

On the basis of the foregoing, Plaintiff Carolyn L. Ritchie's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial, filed on April 27, 2017, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 27, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**CAROLYN C. RITCHIE VS. THE STATE OF HAWAII, DEPARTMENT OF SAFETY, ET AL; CIVIL 14-00046 LEK-KJM; ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, A NEW TRIAL**